McMICHAEL *v.* COOK *et al.*

No. 10096.   JULY 11, 1934.

*Gilbert C. Robinson* and *J. S. Averill Jr.,* for plaintiff.
*Homer Beeland* and *Felton & Felton,* for defendants.

BECK, P. J. Lottie McMichael brought suit against E. W. Cook and Ellis G. Windham to recover a four-fifths undivided interest in certain land described in the petition, and alleged that she

claimed title under the following facts, to wit: "That on the 27th day of September, 1883, David McMichael made and executed a quitclaim deed, conveying said land to Susan McMichael, and my heirs by the said Susan McMichael." A copy of the deed was attached to the petition as an exhibit. Susan McMichael was the wife of David McMichael, petitioner being a daughter of David and Susan. It was also alleged that the plaintiff had bought the interests of the other children of David and Susan McMichael. The defendants filed an answer, and moved to dismiss the petition on the ground that it failed to set out a cause of action. The judge sustained this motion, and the plaintiff excepted. The language of the deed, in the granting part, is as follows: "hath bargained and sold and by these presents doth release and forever quitclaim to the said Susan McMichael, my heirs and assigns, all the right, title, interest," etc., in the land described. And the habendum clause in the deed was: "To have and to hold the said bargained premises to the said Susan McMichael, with all the rights, members, and appurtenances to the said lot of land any wise appertaining or belonging, so that neither the said David McMichael, but my heirs by Susan McMichael, any other person or persons claiming under, except the heirs by the said Susan McMichael shall at any time hereafter by any way or means have claimed or demand any right or title to the aforesaid lot or parcel of land appurtenances or any part thereof."

We can not say that there is anything in the habendum clause that is inconsistent with the granting clause. But if it were otherwise, the effect of the granting clause would not be destroyed. If possible, where there is apparent inconsistency, all parts of the deed should be reconciled, and the whole instrument should be construed to ascertain the intention of the maker. We are of the opinion that the granting clause in this deed is the same as if it read "doth grant to the said Susan McMichael and her children and assigns all the right, title," etc. There were four children then in life, the plaintiff being one of them. Under that construction of the granting clause, Susan McMichael and the children took as tenants in common, and the wife did not take a fee-simple title, as she would have taken if, instead of the expression, "my heirs and assigns," the grantor had used the words, "to the said Susan McMichael, her heirs and assigns." And we are more fully

persuaded that this is the proper construction in view of the habendum clause, which tends to strengthen the opinion that the children of David and Susan McMichael were to take as tenants in common with their mother. In *Butt* v. *Jackson,* 148 *Ga.* 672 (97 S. E. 854), it was held: "A deed executed in 1908, granting certain land to the wife of the grantor and his 'children by her born and to be born, their heirs and assigns,' upon the expressed consideration of the love and affection the grantor bore to his wife and his children by her, and $500 paid to the grantor, conveyed an absolute fee in common to the wife and her children by the grantor, then in life." It follows that the court erred in sustaining the motion to dismiss on general demurrer based upon the ground that the plaintiff showed no title in herself.

*Judgment reversed. All the Justices concur.*